IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY AND COUNTY OF SAN FRANCISCO, *et al.* <br><br> Defendants. | No. C 13-05351 WHA <br><br> **ORDER DENYING MOTION TO RELATE ACTIONS** |

Defendants move to relate this action to *Leonard Fyock, et al., v. The City of Sunnyvale, et al.*, No. 5:13-cv-05807 RMW (Dkt No. 27). In this action, plaintiffs are challenging a San Francisco city ordinance that bans the possession of ammunition magazines capable of accepting more than ten rounds, while plaintiffs in *Fyock* are challenging a similar ordinance promulgated by the city of Sunnyvale. Plaintiffs oppose.

Under Civil Local Rule 3–12, actions are related if they "concern substantially the same parties, property, transaction or event" *and* "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Here, defendants have failed to show the first prong of Rule 3–12. The actions involve different plaintiffs and different defendants. Moreover, neither action involves the same property or transaction. To the extent that promulgating a city ordinance is an event, each action addresses a different event. Each ordinance was enacted by a different city and each

1  enactment was conducted in a different manner (Dkt. No 23 at 3).  Sunnyvale adopted its ban by
2  way of ballot measure, whereas San Francisco adopted its ban through legislative enactment.

3       Defendants argue that the ordinances in question are "essentially identical," but later
4  concede that the Sunnyvale ordinance bans the possession *and use* of the magazines whereas the
5  San Francisco ordinance only bans the possession of the magazines (Dkt. No. 27 at 3).
6  Defendants also argue that plaintiffs in both actions are represented by the same counsel and
7  assert "substantially identical" claims for relief.  A plain reading of Rule 3–12, however, does
8  not support the argument that actions which assert "essentially similar" claims for relief are
9  related.  Rather, defendants are burdened with proving that the actions "concern substantially the
10 same parties, property, transaction or event" and would involve burdensome duplication of labor.
11 Thus, defendants' motion to relate is **DENIED.**

12      If Judge Ronald Whyte and all parties were to consent to transferring the Sunnyvale
13 action to the undersigned judge, the undersigned judge would be happy to receive it and
14 coordinate the briefing schedule.  But in the meantime, the San Francisco action will proceed
15 apace.

17 **IT IS SO ORDERED.**

19 Dated: January 3, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2