C. D. Michel - S.B.N. 144258
Clinton B. Monfort - S.B.N. 255609
Sean A. Brady - S.B.N. 262007
Anna M. Barvir - S.B.N. 268728
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, LARRY BARSETTI, RAINERIO GRANADOS, ARTHUR RITCHIE, and RANDALL LOW, <br><br>Plaintiffs, <br><br>v. <br><br>THE CITY AND COUNTY OF SAN FRANCISCO, THE MAYOR OF SAN FRANCISCO, EDWIN LEE, in his official capacity, THE CHIEF OF THE SAN FRANCISCO POLICE DEPARTMENT, GREG SUHR, in his official capacity, and DOES 1-10, <br><br>Defendants. | **CASE NO: 13-CV-5351 WHA** <br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORAL ARGUMENT ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; DECLARATION OF ANNA M. BARVIR IN SUPPORT** <br><br>Local Rule 7-11 |

**NOTICE OF MOTION AND MOTION**

Pursuant to Civil Local Rule 7-11 and to paragraph six of the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup, Plaintiffs submit this Administrative Motion for Oral Argument on Plaintiffs' Motion for Preliminary Injunction.

Plaintiffs respectfully request that the Court hear oral argument on Plaintiffs' Motion for Preliminary Injunction that is set for hearing on February 13, 2014.

This motion shall be based on this Notice of Motion and Motion, the Declaration of Anna M. Barvir, the record to date in this matter, and upon any further matters the Court deems appropriate.

**PROCEDURAL HISTORY**

In November 2013, Police Code Section 619 was enacted by the City and County of San Francisco. Section 619 prohibits any person, corporation, or other entity in the City and County of San Francisco from possessing ammunition magazines with the capacity to accept more than ten rounds. S.F., Cal., Police Code § 619 (c)(1). Any person who possesses any magazines prohibited by this section prior to its effective date has just ninety days to cease possessing these magazines within the City and County of San Francisco. S.F., Cal., Police Code § 619 (c)(2).[1]

On November 19, 2013, Plaintiffs brought suit against Defendants the City and County of San Francisco, Mayor Edwin Lee, and Chief Greg Suhr (collectively "the City"), challenging the constitutionality of Section 619 on Second Amendment grounds.

On December 27, 2013, Plaintiffs filed their Motion for Preliminary Injunction. The hearing on this motion is currently scheduled for February 13, 2014. The City filed its Opposition on January 16, 2014.

On December 30, 2013, the City of Sunnyvale filed an Administrative Motion to relate

---

[1] Section 619 took effect on December 8, 2013, requiring all persons to dispose of their magazines by March 8, 2014. To accommodate a briefing and hearing schedule on Plaintiffs' Motion for Preliminary Injunction, the City deferred enforcement by thirty days, giving residents until April 7, 2014 to comply.

1  this case with *Leonard Fyock, et al., v. The City of Sunnyvale, et al.*, No. 5:13-cv-05807 RMW.

2  On December 31, 2013, the City filed a statement supporting that motion. This Court denied the

3  City of Sunnyvale's motion.

4      Plaintiffs now bring this Administrative Motion for Oral Argument on Plaintiffs' Motion

5  for Preliminary Injunction.

6  **ARGUMENT**

7      Plaintiffs respectfully request this Court hear oral argument on Plaintiffs' Motion for

8  Preliminary Injunction to be conducted by Anna M. Barvir, attorney of record for Plaintiffs in this

9  case.

10     Pursuant to the Supplemental Order to Order Setting Initial Case Management Conference

11 in Civil Cases Before Judge William Alsup:

12 > The Court sometimes rules on the papers, issuing a written order and vacating the hearing.
13 > If a written request for oral argument is filed before a ruling, stating that a lawyer of four
    or fewer years out of law school will conduct the oral argument or at least the lion's share,
    then the Court will hear oral argument, believing that young lawyers need more
14 > opportunities for appearances than they usually receive.

15 (Suppl. Order, 2:24-3:2.)

16     Because the purpose of the Court's Supplemental Order is to provide young lawyers more

17 opportunities to make appearances, the Court should grant Plaintiffs' request and hold oral

18 argument on Plaintiffs' Motion for Preliminary Injunction, giving Ms. Barvir the opportunity to

19 argue a major motion in federal court. Ms. Barvir graduated from Whittier Law School in May

20 2009 and was admitted to the State Bar of California in January 2010. (Barvir Decl. ¶¶ 3-4.)

21 Although she has been out of law school for just over four years, she qualifies as a young attorney

22 in the spirit of this Court's Supplemental Order. She has been practicing as an associate attorney

23 for just two years, during which time she has had minimal experience appearing or arguing in

24 court. (Barvir Decl. ¶ 6.) While Ms. Barvir has made few appearances, she is amply qualified to

25 argue this motion because she contributed significantly to the preparation of Plaintiffs' Motion for

26 Preliminary Injunction. (Barvir Decl. ¶ 10.) In light of her legal writing skills and her experience

27 in self-defense and civil rights litigation, she has had heavy involvement in drafting various

28 dispositive motions and appellate briefs in high-profile gun rights cases. (Barvir Decl. ¶¶ 7-9.)

This is to say that she is particularly knowledgeable about the issues of this case.

Further, this lawsuit involves important issues of constitutional law that have developed rapidly since the United States Supreme Court's issued its decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 3025 (2010). These issues are complex and involve novel questions of law that in many ways remain unresolved in the federal courts. Because this case involves such an unsettled area of law, oral argument will give the Court an opportunity to further explore the important legal issues presented.

## CONCLUSION

Participating in oral argument on Plaintiffs' Motion for Preliminary Injunction will provide Ms. Barvir an opportunity to practice her oral presentation skills in a complex case involving important constitutional issues – an opportunity rarely available to any attorney during their first few years of practice. Plaintiffs thus respectfully request the Court grant Plaintiffs' Administrative Motion for Oral Argument on Plaintiffs' Motion for Preliminary Injunction.

Date: January 20, 2014					**MICHEL & ASSOCIATES, P.C.**

						 /s/ C. D. Michel
						C. D. Michel
						Attorney for Plaintiffs

## DECLARATION OF ANNA M. BARVIR

1. I am an attorney licensed to practice law before the Northern District of California. I am an associate attorney at the law firm Michel & Associates, P.C., attorneys of record for Plaintiffs in this action. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. A stipulation pursuant to Civil Local Rules 7-11(a) and 7-12 could not be obtained because Plaintiffs are requesting the Court to hear oral argument. While parties can stipulate to matters concerning the rights or obligations of the parties, parties cannot stipulate to matters concerning the rights or obligations of the Court. Nonetheless, on January 17, 2014, our office contacted counsel for Defendants via email to inform them of Plaintiffs' intention to request oral argument.

3. In May 2009, I graduated from Whittier Law School, earning my Juris Doctor and Certificate in Legal Writing.

4. On or about January 11, 2010, I was admitted to the State Bar of California.

5. I have been practicing as an associate attorney at Michel & Associates, P.C., since February 2012. Though admitted to the State Bar, I was not employed as a practicing attorney before that time.

6. Since being admitted to the State Bar, I have never argued a motion before a federal court. In fact, I have made only a handful of court appearances.

7. I currently practice civil litigation with an emphasis on constitutional law and civil rights matters. My expertise includes legislative analysis, firearms litigation, and civil rights advocacy. I have thus worked on a number of high-profile cases in constitutional law and self-defense civil rights.

8. I have handled various aspects of appeals in state and federal courts, including preparation of the notice of appeal, joint appendix, and excerpts of record, as well as drafting motions, briefs, and correspondence to the court. While I have not yet been called on to conduct oral argument, I have been instrumental in preparing my colleagues for these proceedings.

9. I also have extensive experience with motions practice in state and federal courts,

having drafted points and authorities in support of or opposition to various motions, including motions to dismiss and motions for judgment on the pleadings, preliminary injunction, summary judgment, and attorney's fees.

10. In this case, I played a significant role in the drafting and editing of the points and authorities and other documents supporting Plaintiffs' Motion for Preliminary Injunction.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on January 20, 2014.

_____
Anna M. Barvir

|   |   |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |
| 3 | SAN FRANCISCO DIVISION |

| | | |
|---|---|---|
| 4 | SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, LARRY BARSETTI, RAINERIO GRANADOS, ARTHUR RITCHIE, and RANDALL LOW, ) ) ) ) ) | **CASE NO: 13-CV-5351 WA** **CERTIFICATE OF SERVICE** |
| 5 | | |
| 6 | Plaintiffs, ) ) | |
| 7 | v. ) ) | |
| 8 | ) | |
| 9 | THE CITY AND COUNTY OF SAN FRANCISCO, THE MAYOR OF SAN FRANCISCO, EDWIN LEE, in his official capacity, THE CHIEF OF THE SAN FRANCISCO POLICE DEPARTMENT, GREG SUHR, in his official capacity, and DOES 1-10, ) ) ) ) ) ) ) | |
| 10 | | |
| 11 | | |
| 12 | Defendants. ) ) | |
| 13 | | |

14

15  IT IS HEREBY CERTIFIED THAT:

16  I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

17  I am not a party to the above-entitled action. I have caused service of:

18  **PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORAL ARGUMENT ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; DECLARATION OF**
19  **ANNA M. BARVIR IN SUPPORT**

20  on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

21

22  Wayne Snodgrass, Deputy City Attorney
Christine Van Aken, Deputy City Attorney
Office of the City Attorney
23  1 Drive Carlton B. Goodlett Place
City Hall, Room 234
24  San Francisco, CA 94102

25  I declare under penalty of perjury that the foregoing is true and correct. Executed on January 20, 2014.

26

27                                          /s/ C. D. Michel
                                         C. D. Michel
                                         Attorney for Plaintiffs

28