DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
CHRISTINE VAN AKEN, State Bar #241755
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone: (415) 554-4633
Facsimile: (415) 554-4699
E-Mail: christine.van.aken@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO MAYOR EDWIN LEE, and
SAN FRANCISCO POLICE CHIEF GREG SUHR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, LARRY BARSETTI, RAINERIO GRANADOS, ARTHUR RITCHIE, and RANDALL LOW,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, THE MAYOR OF SAN FRANCISCO, EDWIN LEE in his official capacity, THE CHIEF OF THE SAN FRANCISCO POLICE DEPARTMENT, GREG SUHR, in his official capacity, and DOES 1-10,<br><br>Defendants. | Case No. CV 13-5351 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date: February 11, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor<br><br>Date Action Filed: Nov. 19, 2013<br>Trial Date: None Set |

Plaintiffs San Francisco San Francisco Veteran Police Officers Association, Larry Barsetti, Rainerio Granados, Arthur Ritchie, and Randall Low (collectively "Plaintiffs"); and Defendants the City and County of San Francisco; the Mayor of San Francisco, Edwin Lee, in his official capacity; and the Chief of the San Francisco Police Department, Greg Suhr, in his official capacity (collectively "San Francisco"), jointly submit this Case Management Conference Statement.

## I. JURISDICTION AND SERVICE

The complaint alleges violations of Plaintiffs' rights under the Second Amendment to the United States Constitution and seeks declaratory and injunctive relief.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. § 1983.

All named defendants have been served and have appeared.

## II. FACTS

San Francisco Police Code § 619 prohibits the possession of detachable magazines capable of accepting more than ten rounds of ammunition, with limited exceptions. Police Code § 619 took effect on December 8, 2013 and requires all individuals in San Francisco subject to the possession ban to remove their prohibited magazines from city limits, surrender them to the San Francisco Police Department, or lawfully sell or transfer them on or before March 8, 2013.  S.F. Police Code § 619(c)(2).  The San Francisco Police Department subsequently entered into a stipulation with Plaintiffs agreeing to postpone until April 7, 2014 the date for individuals in possession of prohibited magazines to remove, surrender, or sell them.  *See* Dkt. 10.

The individual plaintiffs allege that they lawfully possess magazines capable of accepting more than ten rounds  that are standard equipment for millions of  handguns and rifles, they are in common use in the United States for lawful purposes including self-defense and sport, and that prohibiting possession of common, standard-capacity magazines will not promote  public safety and will diminish residents' safety by  restricting their ability to use common arms to defend themselves and their homes.  The organizational plaintiff, San Francisco Veteran Police Officers Association, makes similar

allegations on behalf of its members.  Further information about Plaintiffs' factual contentions can be found in Plaintiffs' motion for preliminary injunction and supporting documents, Dkts. 12 & 15-24.

San Francisco alleges that large-capacity magazines are not in common use for self-defense purposes in the United States or California, that they are unnecessary for self-defense in the home, that they are disproportionately used in crimes including mass shootings and police shootings, and that prohibiting them will advance public safety.  Further information about San Francisco's factual contentions can be found in San Francisco's opposition to Plaintiffs' motion for preliminary injunction and supporting documents, Dkts. 34-40.

### III.     LEGAL ISSUES

The legal issue in this case is whether Police Code § 619 violates the Second Amendment guarantee of Plaintiffs' right to keep and bear arms.

Plaintiffs contend that § 619 violates the Second Amendment because standard-capacity magazines are in common use by tens of millions of law-abiding citizens for lawful purposes including self-defense in the home and thus protected by the Second Amendment, and an outright ban on their possession by law abiding citizens is unconstitutional regardless of the level of scrutiny applied. Alternatively, Plaintiffs contend that because § 619 bans protected arms for any purpose including the core Second Amendment activity of self-defense in the home, it must survive strict scrutiny under *United States v. Chovan,* 735 F.3d 1127 (9th Cir. 2013) to be held lawful, and it fails that scrutiny. Alternatively, Plaintiffs contend that even under intermediate scrutiny, § 619 is unconstitutional because removing protected arms from law-abiding citizens burdens more conduct than is necessary and does not bear a substantial relationship to advancing San Francisco's public safety aims.  Further information about Plaintiffs' legal contentions can be found in Plaintiffs' motion for preliminary injunction, Dkt. 12.

San Francisco contends that its prohibition on large-capacity magazines should be evaluated under intermediate scrutiny pursuant to *Chovan*, 735 F.3d 1127, primarily because banning large-capacity magazines places only a slight burden, at most, on the core Second Amendment right to bear arms for self-defense in the home.  San Francisco contends that Police Code § 619 survives

JOINT CMC STATEMENT                                   2                       n:\govlit\li2014\140610\00901356.docx
CASE NO. CV 13-5351 WHA

intermediate scrutiny. San Francisco alternatively contends that large-capacity magazines are not protected by the Second Amendment at all because they are a dangerous and unusual firearms accessory, and thus no heightened judicial scrutiny is required. Further information about San Francisco's legal contentions can be found in San Francisco's opposition to Plaintiffs' motion for preliminary injunction, Dkt. 34.

## IV. MOTIONS

Plaintiffs have filed a motion for preliminary injunction, and San Francisco has opposed it. That motion is set to be heard on February 11, 2013, at the same time as the case management conference.

The parties anticipate that one of the parties will appeal whatever order this Court issues on the preliminary injunction motion. Both parties agree that, in the event of an appeal, it is prudent to stay this case until the Ninth Circuit has decided the appeal. Therefore, the parties anticipate making a stipulated motion to stay proceedings in this Court until the appeal is complete.

## V. AMENDMENT OF PLEADINGS

The parties do not presently see a need to amend their respective pleadings.

## VI. EVIDENCE PRESERVATION

Plaintiffs believe that all evidence that might be relevant to this dispute is in the Plaintiffs' possession or in the possession of Plaintiffs' counsel in Long Beach, California, and has been preserved as a matter of course. San Francisco believes that all evidence relevant to this dispute in San Francisco's possession is the legislative file of the San Francisco Board of Supervisors for the relevant enactments or is in possession of the San Francisco Police Department and is preserved as a matter of course. Counsel for both parties have reviewed this Court's ESI guidelines but do not believe this case will involve significant discovery of ESI.

## VII. DISCLOSURES

As noted above in Section IV., the parties believe that it is highly likely that there will be an appeal from this Court's order granting or denying a preliminary injunction and that proceedings in this Court should be stayed pending resolution of that appeal. The parties have accordingly agreed to postpone Rule 26 discovery and disclosures until after that appeal is resolved. In the event that an appeal is not filed within 30 days of this Court's order granting or denying a preliminary injunction, the parties will draft a discovery plan and make initial disclosures.

## VIII. DISCOVERY

No discovery has been taken to date. The parties have agreed to stay discovery pending resolution of any appeal arising from this Court's order granting or denying Plaintiffs' motion for preliminary injunction. In the event that an appeal is not filed within 30 days of that order, the parties will develop a discovery plan. Both parties anticipate that discovery in this case, if it must proceed at all, will be limited. San Francisco anticipates limited paper discovery and depositions of Plaintiffs' expert declarants, the individual plaintiffs, and a representative of the organizational plaintiff. Plaintiffs anticipate limited paper discovery, limited 3rd party subpoenas, and depositions of Defendants' expert and lay witness declarants, the individual plaintiffs, and a representative of the organizational plaintiff.

## IX. CLASS ACTIONS

This case is not proceeding as a class action.

## X. RELATED CASES

This Court determined on January 3, 2014 that *Fyock v. City of Sunnyvale*, No. 5:13-cv-05807 RMW (N.D. Cal.) (challenging Sunnyvale ban on possession of detachable magazines capable of accepting more than ten rounds), is not a related case under Northern District of California Civil Local Rule No. 3–12. *See* Dkt. No. 29. The parties are aware of no other cases that are arguably related.

## XI. RELIEF

Plaintiffs seek a declaration that the challenged ordinance is unconstitutional and an injunction prohibiting San Francisco from enforcing it. Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988. Plaintiffs do not seek damages.

## XII. SETTLEMENT AND ADR

Because this case presents questions of law and facial challenges to legislative enactments, the parties do not believe that settlement is possible. They will file an ADR certification indicating that view shortly.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a magistrate judge for all purposes.

## XIV. OTHER REFERENCES

The parties believe that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties believe that the outcome of this case will mostly depend on questions of law, most notably what standard of judicial review applies to Police Code § 619. This Court's disposition of the preliminary injunction motion will likely result in an appeal to the Ninth Circuit, which will likely answer the question of the applicable standard of review. Resolution of that issue will narrow the issues in dispute in this case.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe this case can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

The parties propose staying further proceedings in this case, including discovery, expert discovery, summary judgment motions, and trial, pending resolution of the anticipated appeal from this Court's order granting or denying a preliminary injunction motion.

## XVIII. TRIAL

The parties expect that, once the Ninth Circuit has clarified the applicable legal standards, this case may well settle, either because San Francisco repeals the challenged ordinance or Plaintiffs dismiss their complaint, depending on the Ninth Circuit's ruling. In the event that further merits proceedings in this Court are necessary, the parties anticipate that this case can be resolved by summary judgment. In the event trial is necessary, the case will be tried to the Court. The parties anticipate no more than four days for trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Neither Plaintiffs nor the City have any interested entities or persons to disclose.

Dated: Feb. 4, 2014

MICHEL & ASSOCIATES, P.C.

By: **s/Clinton B. Monfort
CLINTON B. MONFORT
Attorney for Plaintiffs San Francisco Veteran Police Officers Association, Larry Barsetti, Rainerio Granados, Arthur Ritchie, and Randall Low

**Pursuant to GO 45, the electronic signatory has obtained approval from this signatory.

DENNIS J. HERRERA
City Attorney
WAYNE SNODGRASS
CHRISTINE VAN AKEN
Deputy City Attorneys

By: s/Christine Van Aken
CHRISTINE VAN AKEN
Attorneys for Defendants the City and County of San Francisco; the Mayor of San Francisco, Edwin Lee, in his official capacity; and the Chief of the San Francisco Police Department, Greg Suhr, in his official capacity